UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHLEEN LYNN VANDEVER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TARRANT COUNTY FAMILY )<br>JUSTICE CENTER, ET AL. )<br>)<br>Defendants ) | Cause No. 1:25-CV-157-HAB |

## ORDER

Pro se Plaintiff, Kathleen Lynn Vandever ("Vandever") filed a complaint pursuant to 42 U.S.C. § 1983 against a family court in Texas, four of its judges, a court reporter and several attorneys for civil rights deprivations and for violations of federal criminal statutes prohibiting fraud, obstruction, and retaliation. (ECF No. 1). Along with her Complaint, Vandever also filed a motion to proceed in forma pauperis ("IFP") (ECF No. 2), and a request for appointment of counsel. (ECF No. 3).

Under 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she is unable to pay them. *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by non-prisoners). "[A] person need not be absolutely destitute in order to enjoy the benefit of [Section] 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, a person is "eligible to proceed *in forma pauperis* if payment of the filing fee will prevent them from providing for life's necessities." *Bridgewater v. U.S. Gov't*, 2013 WL 3894955, at *1 (N.D. Ill. 2013). "Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014); *see also*, *e.g.*, *Effinger v.*

*Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) ("To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury.").

Although this Court has an approved form for litigants who wish to proceed in forma pauperis, Plaintiff has filed her own "Statement of Indigence." That statement includes information about her finances, but it is not signed under penalties of perjury. A litigant seeking IFP status must declare under penalty of perjury that the information provided about her finances is true and correct. To determine whether a litigant lacks the means to pay the filing fee, this court requires litigants seeking to proceed IFP to disclose, in dollar amounts, all income received over the last 12 months. Plaintiff's "Statement of Indigence" does not meet this requirement. While it does indicate that she has no income and no assets, it does not reference a specific period of time. The statement identifies no financial obligations whatsoever, not addressing how Vandever maintains a residence or provides herself with the basic necessities of life (such as food and housing). Courts rely on litigants to provide complete and honest information about their finances, and judges cannot merely rubber-stamp IFP applications that appear to contain incomplete, inaccurate, or inconsistent information. *See Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). Accordingly, at present the Court cannot grant her request to proceed IFP.

But, even if her Statement of Indigence sufficiently disclosed her financial situation, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP status if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In doing so,

the Court draws all reasonable inferences in Vandever's favor and construes all allegations in the light most favorable to her. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must set forth a "short and plain statement of the claim showing that [Hayes] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Vandever's complaint need not provide detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Her complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Vandever's complaint includes an array of allegations against Defendants for alleged violations of her constitutional rights in connection with family court proceedings in Tarrant County, Texas. Vandever broadly asserts that the Defendants unlawfully seized her child, interfered with her parental rights and retaliated against her through "fraudulent foreign orders issued from the State of Texas…" (ECF No. 1 at 4). She asks this Court to enjoin those orders and for damages associated with the civil rights violations.

Vandever's conclusory allegations fail to state non-frivolous claims against any of the defendants. Moreover, even if a claim could be sifted out from her accusations, that claim has no relationship to Northern District of Indiana and should therefore be pursued in Texas, where these allegedly fraudulent foreign orders issued. Among other problems, most of the named defendants cannot be sued for violations of federal law under Section 1983. Vandever cannot pursue her claims against the judges who presided over the state court proceedings in Texas or the court reporter because they are immune from liability for actions taken in their official roles. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976). She cannot pursue federal claims against the Tarrant County Family Justice Center because it is a

building and not a "person" within the meaning of Section 1983. *Best v. City of Portland*, 554 F.3d 698, 698 n\* (7th Cir. 2009); *see also Lapides v. Board of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002). And she cannot pursue Section 1983 claims against private lawyers because none of them are state actors. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

But even if she could somehow bring a §1983 action against any of the defendants, she has additional problems. Vandever's claims are likely also barred by the *Rooker-Feldman* doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983). Under *Rooker-Feldman*, federal courts lack the power to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent Vandever's claims suggest something improper with the family court proceedings in Texas, she needs to raise those issues in that court or appeal the family court's rulings to the state appellate court.

Vandever is clearly upset by the proceedings taking place in Texas, but her allegations do not support federal claims against any of the defendants. And, again, even if she had a claim, it must be pursued in Texas, where the events in her complaint took place, not in Indiana. The Court is sympathetic to the fact that Vandever appears to be facing personal difficulties, but personal troubles do not create a federal cause of action.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Because Vandever has no non-frivolous claims against any of the named defendants that

4

can be pursued in federal court in Indiana, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

## CONCLUSION

Vandever's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint is DISMISSED without leave to amend. The Request for Appointment of Counsel (ECF No. 3) I DENIED as moot.

So ORDERED on April 8, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT